**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Zeke LAYMAN; et al., Defendants— Appellants.**

No. 04–17212.

D.C. No. CV–04–00307–LKK/KJM.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 12, 2005.*

Decided Sept. 21, 2005.

Norma J. Schrock, Sara Ann Ketchum, DOJ–U.S Department of Justice Tax Division, Washington, DC, for Plaintiff–Appellee.

Zeke Layman, Chico, CA, for Defendants–Appellants.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before REINHARDT, RYMER, and HAWKINS, Circuit Judges.

MEMORANDUM**

Zeke Layman and Darline Koff appeal pro se from the district court's summary judgment in favor of the United States, directing foreclosure of liens imposed with respect to unpaid federal income tax liabilities. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Feiler v. United States*, 62 F.3d 315, 316 (9th Cir.1995), and we affirm.

The underlying tax assessments were reduced to a judgment in a separate proceeding, which Layman and Koff do not contest. The district court properly rejected Layman and Koff's contention that under the pertinent statute of limitations, the United States was precluded from foreclosing on the liens. Once an assessment has been reduced to a judgment, the tax liability cannot become unenforceable by reason of time. *See United States v. Overman*, 424 F.2d 1142, 1147 (9th Cir. 1970).

The district court also properly rejected Layman and Koff's contention that her 2004 bankruptcy discharge prevented further efforts to collect the assessments which were first made in 1989. A tax lien attaching a debtor's property or property rights that predates the petition for bankruptcy remains attached after termination of bankruptcy proceedings. *See Johnson*

*v. Home State Bank,* 501 U.S. 78, 84, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991).

Layman and Koff's remaining contentions lack merit.

**AFFIRMED.**

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.